IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL KENNEDY LOUIS, #13009922,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 3:13-CV-2312-M-BK |
| § | | |
| **JOHN PETER SMITH HOSPITAL,** § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, a Dallas County Jail inmate, filed a *pro se* complaint under 42 U.S.C. § 1983 against John Peter Smith Hospital in Fort Worth.  The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening.  For the reasons that follow, the complaint should be summarily dismissed.

**I. BACKGROUND**

Plaintiff seeks to sue Defendant John Peter Smith Hospital for deliberate indifference stemming from two surgeries performed on him while he was incarcerated at the Tarrant County Jail.  (Doc. 3 at 4).  Plaintiff alleges his "wounds still have not healed nor closed" and continue "draining fluid" as a result of an "infection." *Id.*  According to Plaintiff, John Peter Smith Hospital "keep[s] on cutting on [him] and no positive results" can be seen. *Id.*  Plaintiff asserts that he is "still . . . receiving wound car for what JPS [John Peter Smith Hospital] was supposed[d] to have done." *Id.*  He, thus, requests a follow-up surgery and monetary damages. *Id.*

In August 2012, Plaintiff filed a similar complaint against Defendant John Peter Smith Hospital alleging medical malpractice stemming from the same medical condition and surgeries. *See Louis v. Tarrant County Jail Med. Dep't and John Peter Smith Hospital,* No. 4:12-CV-551-A (N.D. Tex., Sept. 24, 2012). The District Court, however, dismissed the case as frivolous and Plaintiff did not appeal. *Id.*

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b) (providing for *sua sponte* dismissal of an *in forma pauperis* complaint if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief). An action may be dismissed as malicious and frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation. *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (courts should ensure "that the plaintiff obtains one bite at the litigation apple-but not more"); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989) (an action is frivolous when it seeks "to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the *in forma pauperis* plaintiff.").

The allegations in this case duplicate the claims pursued in Plaintiff's August 2012 action. Consequently, this case should be dismissed with prejudice as frivolous.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** with prejudice as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).

The dismissal of this case will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[1]

SIGNED June 27, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Section 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."